NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RODRIGUEZ CORDERO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-71016 Agency No. A201-061-069 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Daniel Rodriguez Cordero, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's factual findings and review de novo constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's good moral character determination, where Rodriguez Cordero provided false testimony for the purpose of obtaining an immigration benefit. *See* 8 U.S.C. §§ 1101(f)(6) (anyone who has given false testimony for the purpose of obtaining immigration benefits cannot show good moral character), 1229b(b)(1)(B) (requiring good moral character for cancellation of removal); *Ramos v. INS*, 246 F.3d 1264, 1266 (9th Cir. 2001) (to preclude good moral character, witness must have had a subjective intent to deceive for the purpose of obtaining immigration benefits).

Substantial evidence also supports the agency's determination that Rodriguez Cordero did not timely recant, where he failed to correct his previous testimony until after the IJ confronted him with his wife's contradictory testimony. *See Valadez-Munoz v. Holder,* 623 F.3d 1304, 1310 (9th Cir. 2010).

Accordingly, Rodriguez Cordero's due process contention fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**